**TAYLOR, PRINTER, INC., Plaintiff, v. STACEY et, Defendants.**

Common Pleas Court, Columbiana County.

No. 39883. Decided February 6, 1953.

Raymond S. Buzzard, East Liverpool, for plaintiff.
James L. MacDonald, Pros. Atty., G. William Brokaw, Asst. Pros. Atty., for defendants.

**OPINION**

By SHARP, J.

In this case the Plaintiff has filed a Petition for a Declaratory Judgment against the individual members of the Board of Election as members of said Board, and against the Clerk, alleging that he, the Plaintiff, operates a printing company and that it is a responsible printing company and that in requesting bids on ballots the Defendants required that a particular union label be used on the ballots. Plaintiff says that he has adequate equipment and staff for printing ballots, and desires to submit bids for such printing in the future without agreeing to use a union label or union labor and he asks a declaratory judgment declaring that the Defendants and their successors are without authority to require the printer of ballots for elections to use a union label on the ballots and are without authority to require the printer of ballots for elections to use union labor in printing ballots.

To that the Defendants have filed an Answer admitting that the Plaintiff operates a responsible printing business in Lisbon; admitting that in negotiating for a contract for the printing of ballots for use at the general election held November 4,

1952, the Board did stipulate that said printed ballots should bear the Typographical Union Label or the Allied Printing Trades Council label; that all printed ballots furnished for use at other elections have borne either one or the other of those labels.

Further answering the Defendants admit that there are no provisions in the election laws of the State of Ohio which require the use of a union label or that ballots be printed by members of labor unions; admit that the Secretary of State of the State of Ohio has issued no such instructions. Then the Defendants go on to say that their action is in all respects in accordance with the laws of the State of Ohio and that in performing their official duties in respect to negotiating for a contract for furnishing the ballots the stipulating that the printed ballots shall bear either the Typographical Union label or the Allied Printing Trades Council label, is not an abuse of discretion.

To that Answer the Plaintiff has filed a Demurrer and cited cases in support of his Demurrer.

It seems quite clear to the Court that if a public board which has to do with the spending of tax money for public purposes can stipulate that, as in this case, the ballots must bear a union label and in consequence must be printed by union labor, they could also stipulate that the ballots must not bear a union label and must be printed by non-union labor.

The law provides that the contract must be issued to the lowest responsible bidder. It makes no mention whether he employs union labor or non-union labor and in reason, and by virtue of the authorities cited by the Plaintiff, it seems abundently clear to the Court that it is an abuse of discretion for a public board, letting out a contract in expenditure of public money, to attempt to take a position either in favor of or against union labor. They should be concerned solely with the lowest responsible bidder. If a non-union bidder can make a lower bid than a union bidder for the expenditure of public money, he is entitled to the contract and, on the contrary, if a union bidder can make a lower bid he is entitled to the contract.

THEREFORE, the Plaintiff's Demurrer to Defendants' Answer will be sustained, and judgment is entered for Plaintiff and Counsel for Plaintiff will prepare the Journal Entry.